```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

ELIZABETH SANTOS,

                Plaintiff,

vs.                                    Case No.  2:13-cv-271-FtM-29UAM

GOMEZ, LLC, a Florida limited liability company, JOSE GOMEZ, individually,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Reconsideration (Doc. #24) filed on August 7, 2013.  Plaintiff seeks reconsideration of the Order (Doc. #23) directing plaintiff to report the specifics of any settlement reached, or to notify the Court if plaintiff had simply elected to voluntarily dismiss the case.  For the reasons stated below, the motion will be granted, but after reconsideration the prior Order will stand.

The Complaint (Doc. #1) seeks to recover unpaid back wages for overtime pursuant to the Fair Labor Standards Act (FLSA). Defendants requested and received three extensions of time to file a response to the Complaint (Docs. ## 14, 15, 16, 18, 19, 20, 21), but never did so.  Instead, plaintiff filed a unilateral Notice of Dismissal With Prejudice (Doc. #22) stating in its entirety "The Plaintiff, Elizabeth Santos, hereby files her Notice of Dismissal with Prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules

of Civil Procedure." (Doc. #22, p. 1.) The Court then entered an Order (Doc. #23) stating in part:

> FLSA provisions are mandatory, not subject to negotiation or bargaining between employers and employees, and not subject to waiver. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982). Because the voluntary dismissal is with prejudice but does not state if a settlement occurred, the Court cannot determine whether the settlement reached was fair and reasonable.

(Doc. #23, p. 1.) The Court directed plaintiff to report the specifics of any settlement to enable the Court to determine whether the settlement was fair and reasonable, or to tell the court that plaintiff had simply elected to voluntarily dismiss the case, in which situation the dismissal would be effective without court review. Plaintiff has declined to do either, but seeks reconsideration.

While plaintiff argues to the contrary, her case cannot be settled without review of a proposed settlement agreement by the Court. Nall v. Mal-Motels, Inc., 12-13528, 2013 WL 3871011 (11th Cir. July 29, 2013); Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982). If plaintiff's Notice of Dismissal With Prejudice is the product of a settlement, the Court must be notified and must review the terms of the proposed settlement. If not, and plaintiff has just decided to dismiss her case without consideration from defendants, plaintiff can simply tell the Court that no settlement is involved. The Federal Rules

of Civil Procedure do not overrule the FLSA's substantive requirement of a court-approved settlement.

Plaintiff's reliance on Anago Franchising, Inc. v. Shaz LLC, 677 F.3d 1272 (11th Cir. 2012) is misplaced. First, Anago Franchising, did not involve the FLSA, with its statutory mandate of judicial review and approval. Second, Anago Franchising involved an unconditional stipulation, not a unilateral dismissal. Plaintiff cites no case where the Eleventh Circuit has extended Anago Franchising to trump a court's statutory obligation to review a settlement. Therefore, if plaintiff advises the Court that her unilateral dismissal is not pursuant to a settlement, her voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) will be deemed effective upon filing. Otherwise, the Court must fulfill its obligations under Lynn's Food Stores.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Reconsideration (Doc. #24) is **GRANTED**, and after reconsideration plaintiff must comply with the August 6, 2013 Order (Doc. #23) within **SEVEN DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___26th___ day of August, 2013.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record

-3-