UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIZABETH SANTOS,

      Plaintiff,

v.                                          Case No:  2:13-cv-271-FtM-29UAM

GOMEZ, LLC, a Florida limited liability
company, and JOSE GOMEZ, individually,

      Defendants.
_____

## <u>REPORT AND RECOMMENDATION</u>

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on Plaintiff Elizabeth Santos' ("Plaintiff") Unopposed Motion for Approval of Settlement (Doc. 26) filed on September 3, 2013.  Plaintiff is requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.  For the reasons explained below, the Court recommends that Plaintiff's motion be **GRANTED**.

    To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA").  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-3.  The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages.  *Id*.  When the employees file suit, the proposed settlement must be

presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

Plaintiff was employed as a "Worker" with Defendants' landscaping company from August 2008 through September 2012. Plaintiff was represented by counsel throughout this litigation. The parties have agreed to settle this matter and Plaintiff will receive $5,000. Plaintiff's $5,000 settlement payment compensates her for unpaid wages of $2,500 plus an equal amount in liquidated damages.

The parties have agreed to pay counsel for Plaintiff $5,000 in attorneys' fees and costs. The parties negotiated the amount of attorneys' fees independently of the amount of Plaintiff's recovery. Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the

lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

Here, the settlement was reached, and the attorneys' fees were agreed upon separately and without regard to the amount paid to Plaintiff.  The Confidential Settlement and Full and Final General Release Agreement (Doc. 26-1) appears reasonable on its face.  For these reasons, the Court finds this settlement to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMEDED:**

That Plaintiff's Unopposed Motion for Approval of Settlement (Doc. 26) be **GRANTED** and the Confidential Settlement and Full and Final General Release Agreement (Doc. 26-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 4, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties